**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
HOWARD YERGER, DONALD          :
BORODKIN, OBERT COLSON,        :   Civil Action No.  08-5261 (PGS)
JOHN DRIESSE, GORDON            :
FRANK, DUNCAN FULLER, DR.     :
CARMEN OCCHIUZZI, and AMY   :   OPINION
THEOBALD,                                    :
individually, and on behalf              :
of all others similarly situated,        :
                                            :
                    Plaintiffs,           :
                                            :
          v.                             :
                                            :
MASSACHUSETTS TURNPIKE     :
AUTHORITY,                              :
                                            :
                    Defendant.         :
_____ :

**SHERIDAN, District Judge**

This matter comes before the Court on Defendant, Massachusetts Turnpike Authority's motion to dismiss plaintiffs' three-count putative class action complaint. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendant's motion is granted.

1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

By way of background, E-ZPass is an electronic toll collection system wherein tolls are deducted from a driver's pre-paid account each time he or she passes through a participating toll plaza. Each account is linked to one or more electronic devices, known as transponders, which are placed in or on the vehicle for the purposes of toll collection. E-ZPass is available in ten states along the East Coast: Maine, New Hampshire, Rhode Island, New York, New Jersey, Pennsylvania, Maryland, Delaware, Virginia, and West Virginia. Plaintiffs, Howard Yerger, Donald Borodkin, John Driesse, Gordon Frank, and Dr. Carmen Occhiuzzi are New Jersey residents who have at least one New Jersey E-ZPass transponder each. Plaintiff Amy Theobald is a resident of New Jersey who possesses a New York E-ZPass transponder. Plaintiff Robert Colson is a resident of New Hampshire and possesses a New Hampshire E-ZPass transponder. Plaintiff Duncan Fuller is a resident of Massachusetts who possesses a New York E-ZPass transponder.

The defendant in this action, Massachusetts Turnpike Authority ("MTA") "is charged with the construction and maintenance of the Massachusetts Turnpike, an interstate highway connecting Boston to the Berkshires in Massachusetts." (Compl. ¶ 12.) The MTA also administers the FAST LANE program, which is an

electronic toll collection program similar to E-ZPass. E-ZPass subscribers are allowed to utilize FAST LANE toll booths along the Massachusetts Turnpike. The underlying premise of plaintiffs' cause of action is not that they are refused access to these booths, but that this access comes at a price: discrimination within the meaning of the Fourteenth Amendment's Equal Protection Clause, the Commerce Clause, and Privileges and Immunities Clause of the United States Constitution.

Plaintiffs collectively allege that during their usage of the Massachusetts Turnpike's FAST LANE toll booths, they were charged a higher amount than that charged to holders of the FAST LANE transponders. According to the complaint, a discount program that is available only to holders of FAST LANE transponders was denied to plaintiffs, even though signs at the FAST LANE toll booths indicated "E-ZPass Accepted," and the E-ZPass website indicates that Massachusetts accepts E-ZPass transponders. Plaintiffs therefore claim that the FAST LANE Discount Program ("FLDP"), which is administered by the MTA, (1) violates the Equal Protection clause of the Fourteenth Amendment; (2) through its discriminatory conduct and/or discriminatory effect causes an undue burden on interstate commerce in violation of the Commerce Clause ; and (3) causes discrimination against non-citizens of Massachusetts in violation of the Privileges

and Immunities Clause.[1]

Plaintiffs filed their three-count putative class action complaint on October 24, 2008.  In lieu of an answer, defendant filed the instant motion to dismiss on November 20, 2008.

## DISCUSSION

Defendant argues that plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  More specifically, defendants claim that the FLDP does not violate the Equal Protection Clause of the Fourteenth Amendment because it does not implicate any fundamental right or suspect classification and because it is rationally related to a legitimate state interest.  Further, defendants argue that the FLDP does not violate the dormant commerce clause because the FLDP is not facially discriminatory, does not have a discriminatory effect on interstate commerce, and any incidental effects on interstate commerce are outweighed by the local benefits of the FLDP.  Finally, defendants argue that the FLDP does not violate the Privileges and Immunities Clause because it does not discriminate on drivers based upon their residency– any person, regardless of residency, may register for a FAST LANE

---

[1] Plaintiffs specifically excepted Fuller and all other Massachusetts residents who might be class members from participation in the third count of the complaint.  (Compl. ¶ 94.)

transponder and for the FLDP.

### I. Motion to Dismiss–Standard of Review.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient

information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz,* 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

**II. The *Doran* Court's Rationale Applies to Plaintiffs' Commerce Clause Claim.**

As a preliminary matter, it appears to the Court that Plaintiffs filed this action in this Court in hopes to find a more sympathetic audience than the U.S. Court of Appeals for the First Circuit, which previously decided this same issue.[2]

---

[2] Additionally, defendant alleges that an identical case, *Gordon v. Massachusetts Turnpike Auth.*, Civ. Action No. 08 CV 8643, which was filed earlier in the United States District Court for the Southern District of New York, was voluntarily dismissed by the plaintiff once that

*Doran v. Massachusetts Turnpike Auth.*, 348 F.3d 315 (1st Cir. 2003). Plaintiffs' arguments as to why the Court should not apply *Doran* are unpersuasive. The *Doran* court addressed virtually the identical issues and the same types of plaintiffs, and dismissed plaintiffs' allegations that the FLDP violated the Commerce Clause of the U.S. Constitution.[3]

In *Doran*, two plaintiffs, Doran and Saunders, brought an action under 42 U.S.C. § 1983 against the MTA alleging that the FLDP violates the Commerce Clause of the U.S. Constitution. U.S. Const. art. I, § 8, cl. 3. Doran was a Vermont resident who did not subscribe to the FLDP; Saunders was a New York resident who subscribed to E-ZPass but not to FAST LANE. Saunders stood in the same position as plaintiff in *Doran*, as the majority of plaintiffs in the present action: an out of state resident that subscribes to E-ZPass and contests the FLDP. We do not see any distinction between the plaintiffs in the instant action and the *Doran* plaintiffs. Moreover, the *Doran* court applied its rationale to an out of state resident who had an E-ZPass transponder, and not a FAST LANE transponder.

---

court adopted the *Doran* rationale in the case *Saunders v. Port Auth. of N.Y.*, 2004 WL 1077964, at *12-14 (S.D.N.Y. May, 13, 2004).

[3] While the Court finds that Plaintiffs' Commerce Clause argument is not entirely without merit because each transponder facility is increasingly adjusting tolls for local residents, which overtime may affect interstate commerce, we find the *Doran* court's rationale to be the more persuasive.

The Commerce Clause of the U.S. Constitution grants Congress the power to regulate interstate commerce. U.S. Const. art. I, § 8, cl. 3. Further, the Commerce Clause "not only grants Congress the authority to regulate commerce among the States, but also directly limits the power of the States to discriminate against interstate commerce." *New Energy Co. of Indiana v. Limbach*, 486 U.S. 269, 273 (1988). This limited Congressional grant of power falls under the "dormant" Commerce Clause. The dormant Commerce Clause "prohibits economic protectionism–that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *Id.* Plaintiffs have failed to state a claim that the FLDP violates the dormant Commerce Clause.

The *Doran* court concluded that "[t]he FLDP is available on identical terms to drivers without regard to their residence; the program incorporates no distinctions or classifications based on residence and participation is open to anyone." 348 F.3d at 318. We find this instructive. Membership in FAST LANE or the FLDP is not controlled by a driver's residence, nor are only non-resident drivers affected (as is evidenced by the one plaintiff in this suit that is a resident of Massachusetts). Therefore, the Court adopts the *Doran* rationale that the FDLP "treats Massachusetts-based and other vehicles with an even hand and that the program does not interfere with commerce between the states." *Id.* 322-23.

**III. The FLDP Does Not Violate the 14th Amendment or the Privileges and Immunities Clause of the U.S. Constitution.**

Plaintiffs allege two additional claims in the Complaint that are also dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiffs allege that the FLDP violates the Equal Protection Clause of the 14th Amendment and the Privileges and Immunities Clause of the U.S. Constitution. Neither of these arguments were significantly discussed before this Court, and were ancillary to Plaintiffs' claims under the Commerce Clause. We find them to be without merit. The *Doran* court held that the FLDP does not discriminate against drivers based on residence, and therefore no claim can be sustained under the Privileges and Immunities Clause. Additionally, there are no suspect classifications at issue in this case that would trigger a more strict review under the Equal Protection clause–and it is clear that the FLDP is rationally related to a legitimate state interest.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the complaint in its entirety is granted.

*s/Peter G. Sheridan*  
PETER G. SHERIDAN, U.S.D.J.

September 23, 2009